FILED
2006 Jul-31 PM 03:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **BRUCE LAMAR HILL,** | } | |
| Plaintiff, | } | |
| v. | } | Case No.:  4:05-CV-1995-RDP-RRA |
| **SGT. EXCIPHER, et al.,** | } | |
| Defendants. | } | |

## MEMORANDUM OPINION

On November 8, 2005, a Report and Recommendation (Doc. #7) was filed by the magistrate judge in this action. The magistrate judge recommended that all claims against all Defendants be dismissed pursuant to 28 U.S.C. § 1915A(b)(1), with the exception of Plaintiff's medical care and conditions of confinement claims against Defendants Wells, Bryant, Excipher, Parker, Rowe, Hooks, Fuller, Woods, Reeves, Teal, and Blythe. With respect to Plaintiff's medical care and conditions of confinement against those defendants, the magistrate judge recommended that these claims be referred to him for further proceedings, but specifically ordered Plaintiff to file an amended complaint setting out his medical care and conditions of confinement claims against each of the foregoing defendants, under oath or penalty of perjury, within fifteen (15) days from the entry date of the Report and Recommendation. The magistrate judge's order expressly warned Plaintiff that any failure to so amend his complaint could result in a dismissal of the claims against the Defendants listed above. Plaintiff did not file an amended complaint as ordered by the magistrate judge.

This court carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation, and the court was of the opinion that the magistrate judge's report was due to be adopted and the recommendation was due to be accepted. Accordingly,

with the exception of Plaintiff's medical care and conditions of confinement claims against Defendants Wells, Bryant, Excipher, Parker, Rowe, Hooks, Fuller, Woods, Reeves, Teal, and Blythe, the court found the complaint was due to be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b).

With respect to Plaintiff's remaining claims (*i.e.*, his medical care and conditions of confinement claims against the Defendants listed above), the court found Plaintiff had failed to comply with Magistrate Judge Armstrong's order. That is, Plaintiff was ordered to file an amended complaint under oath or penalty of perjury and set out the basis for his claims against those Defendants. Plaintiff was specifically warned that his failure to do so could result in dismissal of those claims. Accordingly, due to his failure to comply with Judge Armstrong's explicit directions, the court found Plaintiff's medical care and conditions of confinement claims were due to be dismissed.

A day after the court ruled, Plaintiff filed a belated motion for extension of time to respond to the Report and Recommendation. (Doc. #10). By order dated January 27, 2006, the court stated that it would treat Plaintiff's motion for extension of time as a motion to reconsider the court's earlier ruling and gave Plaintiff twenty-one (21) days to file any objections to the Report and Recommendation. (Doc. #12). On February 15, 2006, Plaintiff filed a motion asking the court allow him an additional fifteen (15) days to respond to the Report and Recommendation. (Doc. #13). The court granted that motion and on February 24, 2006, Plaintiff filed his Response to the Magistrate Judge's Report and Recommendation. (Doc. #14).

The court has carefully reviewed and considered Plaintiff's Response. Plaintiff has not presented any valid argument which suggests the magistrate judge's recommendation to dismiss his

claims pursuant to 28 U.S.C. § 1915A(b)(1), with the exception of Plaintiff's medical care and conditions of confinement claims against Defendants Wells, Bryant, Excipher, Parker, Rowe, Hooks, Fuller, Woods, Reeves, Teal, and Blythe, was off the mark. Similarly, Plaintiff has not explained why the court's previous order dismissing those claims should be set aside.

Finally, although Plaintiff's filing could be read as an attempt to amend his pleadings by making certain allegations under penalty of perjury, Plaintiff has provided no explanation about why he failed to comply with Judge Armstrong's order that he amend his complaint within fifteen (15) days from the entry date of his Report and Recommendation. Accordingly, due to his failure to explain his own non-compliance with Judge Armstrong's explicit directions, Plaintiff's medical care and conditions of confinement claims are due to be dismissed.

A separate order will be entered.

**DONE** and **ORDERED** this    31st    day of July, 2006.

                                          **R. DAVID PROCTOR**
                                          UNITED STATES DISTRICT JUDGE